ALBANY,<br>January, 1821.

SMITH<br>v.<br>ALWORTH.

Judgment for the plaintiffs.

———⊃✷⊂———

## P. S. SMITH *against* E. and J. ALWORTH.

DEBT on a bond, conditioned, that whereas the plaintiff had obtained a judgment against *J. A.,* defendant, before *Nehemiah Huntington,* Esq. (a justice of the peace,) for 44 dollars and five cents, on a verdict; that if the said *J. A.* should prosecute his appeal from the said judgment, with all due diligence, to a decision in the Court of Common Pleas of *Madison* county, and pay the said judgment, together with the interest thereon, and the costs of such appeal, in case judgment be had thereon against him," &c.

The defendant, after craving *oyer* of the bond, condition,

A defendant, who craves *oyer* of a deed, is entitled to a copy of the attestation, and names of the witnesses. A defendant, who is entitled to *oyer,* cannot be compelled to plead without it. But if he elects to answer, it is a waiver of the objection that the names of the witnesses were not given

in the oyer, and cannot be a ground of demurrer to the declaration.

and an endorsement thereon, in these words : " I approve of the security within given, *Nehemiah Huntington*, Justice of the Peace," demurred to the declaration, and assigned for causes of demurrer : 1. That it did not appear, that the bond was executed in the presence of any witnesses; 2. That it did not appear, that the money mentioned in the condition of the bond, was to be paid to the plaintiff; 3. That it did not appear, that the judgment was obtained before *N. H.*, by virtue of, or pursuant to any law of the state. There was a joinder in demurrer, and the cause was submitted to the Court without argument.

WOODWORTH, J. delivered the opinion of the Court. The first cause of demurrer is, that it does not appear that the bond was executed in the presence of any witness. A defendant, who prays oyer of a deed, is entitled to a copy of the attestation and names of the witnesses, as well as every other part of the deed. (1 *Tidd Pr.* 527. *Willes*, 288.) And where the defendant is entitled to have *oyer*, it cannot be dispensed with by the Court; nor can he be compelled to plead without it. (1 *Tidd Pr.* 528.) (*a*) But the defendant cannot avail himself of this objection on demurrer. He was not bound to plead until the names of the witnesses were given ; but if he elects to answer, it is a waiver of the objection, and the Court will presume that the bond was well executed.

The remaining causes of demurrer appear to be frivolous. The money in the condition was payable to the plaintiff, by necessary intendment, he having obtained a judgment against *James Alworth*, and the condition being to pay the same, with interest and costs.

This Court will presume, that the judgment set out in the condition, is a valid judgment, until the contrary appears, and that the bond was legally taken on an appeal to the Common Pleas. The condition is in the words prescribed by the act to extend the jurisdiction of Justices of the Peace, sess. 41. ch. 94. sec. 17.

The endorsement by the Justice, approving the security,

(*a*) Vide 1 *Dunlap's Pr.* 399. 340.

is admitted by the demurrer, and must be considered as made in pursuance of the directions of the act.

The plaintiff is entitled to judgment, and the defendants have leave to plead *de novo*, in twenty days, on payment of costs.

Judgment for the plaintiff.